# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON RICE, ) | |
| ) | Civil Action No. 17-905 |
| Petitioner, ) | |
| ) | Related to: Crim. Action No. 09-218 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Before the Court is Petitioner Byron Rice's "Second-In-Time § 2255" Motion to vacate, set aside or correct his sentence. Doc. 112. For the reasons that follow, the Court will dismiss Petitioner's Motion as a second or successive petition.

### BACKGROUND

On July 7, 2009, a federal grand jury returned an Indictment charging Petitioner with one count of conspiracy to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. § 846. Doc. 1. On October 15, 2010, Petitioner pleaded guilty pursuant to a plea agreement. Doc. 72. On February 25, 2011, the Court sentenced Petitioner to 168 months in prison. Doc. 90. Petitioner did not file a direct appeal.

On February 29, 2012, Petitioner filed his first motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 97. The Court denied the motion, and Petitioner

appealed and requested a certificate of appealability from the Court of Appeals for the Third Circuit. Doc. 106. On February 27, 2013, the Circuit Court denied Petitioner's request for a certificate of appealability. Doc. 109.

On July 10, 2017, Petitioner filed the instant 2255-Motion. Doc. 112. The government has responded, Doc. 114, and the Motion is ripe for adjudication.

## ANALYSIS

### A. Applicable Legal Standards

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence." Massey v. U.S., 581 F.3d 172, 174 (3d Cir. 2009). Relief is available under § 2255 only under exceptional circumstances, where the claimed error(s) reflect a "a fundamental defect . . . inherently result[ing] in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. U.S., 368 U.S. 424, 428 (1962). The Court need not hold an evidentiary hearing if the record conclusively shows that the petitioner is not entitled to relief. U.S. v. Ritter, 93 F. App'x. 402 (3d Cir. 2004). Under this standard, a hearing is unnecessary in this case.

### B. Petitioner's § 2255 Motion is second or successive.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which dictates that a petitioner who already has filed a § 2255 petition may only file a "second or successive motion" if the court of appeals has certified that the motion contains either: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

"A petitioner's failure to seek . . . authorization from the appropriate court before filing a second or successive habeas petition acts as a jurisdictional bar." Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) (citation to quoted source omitted). The Court determines whether a petition is second or successive by looking at the judgment-challenged. U.S. v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014) (citations and internal quotations omitted). In Winkelman, where the defendants challenged the same judgment of conviction previously contested, the Circuit Court had "little difficulty finding [the] late[r] filings to be successive." *Id.*

Petitioner's current Motion challenges the same judgment of conviction and sentence as his prior petition. The Motion is second or successive, and the only way it may be considered (absent the Circuit Court's prior authorization) is if it meets the "newly discovered evidence" or "new rule of constitutional law" standards. Petitioner identifies no new evidence, so the inquiry settles under the "new law" standard.

Petitioner's primary contention is that, based on the Supreme Court's decision in Mathis v. U.S., − U.S. −, 136 S. Ct. 2243 (2016), his prior state-law felony convictions of "Possession With Intent to Deliver Heroin" and "Delivery of Heroin" (35 Pa. Cons. Stat. § 780–113(a)(30)), no longer qualify as a "controlled substance offense," as that term is defined in Guideline Section 4B1.2(b). As the government aptly has observed, Petitioner presented materially similar arguments regarding Section 4B1 in his first petition; they were rejected by this Court; and the Court of Appeals for the Third Circuit denied a certificate of appealability "for substantially the same reasons." *See* Doc. 114 at 6-7 (quoting Circuit Court's decision, filed at Doc. 109).

Assuming <u>Mathis</u> might warrant revisiting these issues (and that its analyses even are applicable in this case[1]), the decision does not contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). A number of decisions, from this Court and others, have so held. *See, e.g.*, <u>Dawkins v. U.S.</u>, 829 F.3d 549, 551 (7th Cir. 2016) (concluding same); <u>U.S. v. Taylor</u>, 672 F. App'x. 860, 862–63 (10th Cir. 2016) ("<u>Mathis</u> did not announce a new rule"); <u>U.S. v. Marrero</u>, 2017 WL 6557475, at *2 (W.D. Pa. Dec. 22, 2017) (same); <u>U.S. v. Gadsden</u>, 2017 WL 6316566 at *2 (W.D. Pa. Dec. 11, 2017) ("there is nothing 'new' about <u>Mathis</u>").

The only other potential source of law identified by Petitioner, Amendment 794 to the Guidelines, likewise fails. <u>Mendoza v. U.S.</u>, 2017 WL 1293575, at *2-3 (W.D. Pa. Apr. 6, 2017) (holding that petitioner's 2255 motion, premised upon the applicability of Amendment 794, was second or successive, and, therefore, the district court lacked subject matter jurisdiction). Consistent with <u>Mendoza</u>, and for the other reasons identified in the government's opposition (Doc. 114 at 8-9), which are incorporated herein by reference, Petitioner's arguments are rejected.

Having determined that the Court lacks jurisdiction over this second or successive petition, the only remaining question is whether the Motion should be dismissed or, alternatively, transferred to the appellate court. 28 U.S.C. § 1631. Here, it would not be in the interest of justice to transfer because Petitioner has not shown that his Motion falls "within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered

---

[1] *See* Govt.'s Br. (Doc. 114) at 8 ("<u>Mathis</u> applies only to the ACCA general federal offenses, with which [Petitioner] has not been charged.").

evidence or a new rule of constitutional law." Hatches v. Schultz, 381 F. App'x 134, 137 (3d Cir. 2010). Thus, a dismissal is warranted.[2]

For all of the reasons stated above, the Court hereby enters the following:

## II. ORDER

Petitioner's Motion (**Doc. 112**) is **DISMISSED**, and a certificate of appealability will not issue, because Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.


May 10, 2018                                       s\Cathy Bissoon
                                                                 Cathy Bissoon
                                                                 United States District Judge

cc (via First-Class U.S. Mail):

Byron Rice
09278-068
USP Atlanta
PO Box 150160
Atlanta, GA  30315


cc (via ECF email notification):

All counsel of record

---

[2] To be clear, nothing herein prevents Petitioner from filing a request to file a second or successive § 2255 motion before the Court of Appeals for the Third Circuit.